IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**TERENCE K. BETHEA,**

      **Plaintiffs,**

v.                                                                       **Civil Action No. 2:07cv102**
                                                                                **(Judge Maxwell)**

**JOYCE FRANCIS, RONALD W.
RIKER, JOHN O'BRIEN, JOHN
OR JANE DOE,**

      **Defendants.**

## ORDER GRANTING PLAINTIFF'S MOTION
## TO PROCEED IN FORMA PAUPERIS

This case is before the Court on the *pro se* plaintiff's Motion to Proceed In Forma Pauperis ("IFP"), executed Consent to Collection of Fees form, Prisoner Trust Account Report ("PTAR"), and Clarification of Prisoner Trust Account Statement.

Title 28 U.S.C. § 1915 requires prisoners to pay the full $350 filing fee when bringing a civil action IFP. 28 U.S.C. § 1915 (b)(1) (1996). If, however, insufficient funds exist in the prisoner's account to pay the full filing fee at the time of filing, the court must assess and, when funds exist, collect an initial filing fee of twenty percent (20%) of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the prior six month period. Id. Thereafter, the prisoner is required to make monthly payments of twenty percent (20%) of the preceding month's income. Id. The agency having custody of the prisoner must forward payments from the prisoner's account to the Clerk of Court each time the amount in the account exceeds $10.00 until the $350 filing fee is paid in full. Id.

Because the plaintiff had insufficient funds in his prison trust account to pay the full filing fee at the time this case was filed, the plaintiffs' request to proceed IFP (dckt. 3) is **GRANTED**. However, the plaintiff's PTAR shows that in the six-months preceding the filing of this case, he had an average monthly deposit amount of $196.33. With respect to the plaintiff's six month deposits, he clarifies that the deposit of $901.22 made to his account in September 2007, was a settlement check from his participation in a class action lawsuit in the District of Columbia. See dckt. 9. The plaintiff further asserts that the majority of that money immediately went to pay his legal fees in that case.[1] Thus, the plaintiff asserts that his average monthly balance does not accurately reflect the actual balance in his account and asks the Court to consider this information in determining his pauper status under 28 U.S.C. § 1915.

> Title 28 U.S.C. § 1915(b)(1) states:
>
>> if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee. The court shall assess and, when funds exist, collect as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
>> (A) the average monthly deposits to the prisoner's account; or
>> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid in full.

Accordingly, pursuant to § 1915, the court does not have the discretion to discount the amount of the plaintiff's settlement check or the subsequent withdraws from the plaintiff's account

---

[1] On the PTAR and attached prisoner account records, the prison trust officer has verified that $750 of the settlement check was used to pay the plaintiff's legal fees.

when assessing the petitioner's ability to proceed as a pauper. Nonetheless, even considering the settlement check, the undersigned has still found that the plaintiff is a pauper. Thus, the plaintiff is not prejudiced by the court's consideration of those funds in determining his pauper status.[2]

However, the amount of plaintiff's settlement check substantially affects the calculation of the plaintiff's initial partial filing fee. When considering the check, the plaintiff's initial partial fee is calculated at $39.26. However, according to the PTAR, at the time the plaintiff filed his complaint, his prisoner account contained only $10.00. Moreover, it appears that the $900 deposit was an anomaly, and that although the plaintiff receives regular deposits in his account, he does not generally receive such large sums. Therefore, it is unlikely that the plaintiff will have the funds available to pay an initial fee of $39.26.

On the other hand, if the Court were to discount the $750 taken from the settlement check to pay the plaintiff's legal expenses, the plaintiff's initial partial filing fee would be calculated at $14.26. Based on the plaintiff's six month deposits, not including the $900 settlement check, this amount does not appear to be beyond the plaintiff's means. Thus, because § 1915 states that the Court shall assess an initial partial filing fee only when funds are available, in the interests of fairness, the Court will require the plaintiff to only pay an initial partial filing fee of $14.26. Accordingly, consistent with this Order, and with the provisions of 28 U.S.C. § 1915, it is hereby ORDERED:

1. A copy of this Order shall be sent to the Trustee Officer of the institution having custody of Plaintiff along with a copy of the executed consent to collection of fees form. Pursuant to the

---

[2] The settlement check does not affect the amount of the plaintiff's subsequent monthly payments under § 1915 as those payments are not based on amounts deposited prior to the initiation of this case. See 28 U.S.C. § 1915(2).

plaintiff's executed consent to collection of fees form, the Trustee Officer shall forward to the Financial Deputy Clerk, in the form of a check or money order payable to "Clerk, U.S. District Court," P. O. Box 1518, Elkins, West Virginia 26241, an **initial partial filing fee of $14.26**; and, (b) automatically make monthly assessments upon the plaintiffs' trust account of 20% of the preceding month's income toward the filing fee and shall forward such assessments to the Financial Deputy Clerk in the form of a check or money order at the above-mentioned address each time the amount in the account exceeds $10.00, until the $350 filing fee is paid in full. Payments shall be clearly marked with the name and number assigned to this case. When the filing fee is paid in full, the Financial Deputy Clerk shall file a notice so stating;

2. If the plaintiff fails to pay the initial filing fee within **thirty (30) days** of the entry of this Order, the Clerk shall **DISMISS this action without prejudice**;

3. Upon the Financial Deputy Clerk's receipt of the initial partial filing fee, the Financial Deputy Clerk shall notify the Clerk of the appropriate district court that the initial partial filing fee has been paid. The Court will thereafter conduct an initial screening of the complaint pursuant to LR PL P 83.02;

4. Any recovery in this case will be subject to an applicable service of process fee assessed by the U.S. Marshal;

5. Plaintiff shall immediately notify the Clerk upon his transfer or release and shall provide a new address if known. **Failure to notify the court of a change of address may result in the dismissal of this case;**

6. In the event that the defendant is ordered to respond to the complaint, the United States Marshal Service will be Ordered to serve the complaint.

IT IS SO ORDERED.

The Clerk is directed to send copies of this Order to the *pro se* plaintiff, any counsel of record, the Financial Deputy Clerk, and the Trustee Clerk of the institution having custody of the plaintiff.

DATED: January 2, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE