IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**TERENCE K. BETHEA,**

      **Plaintiff,**

**v.**                                        **Civil Action No. 2:07cv102**
                                                       **(Judge Maxwell)**

**JOYCE FRANCIS, RONALD**
**W. RIKER, JOHN O'BRIEN**
**AND JANE OR JOHN DOE,**

      **Defendants.**

**OPINION/REPORT AND RECOMMENDATION**

**I.   Factual and Procedural History**

Plaintiff, a *pro se* federal inmate, initiated this case pursuant to a civil rights complaint filed on December 12, 2007. In the complaint, the plaintiff asserts that the defendants have caused him to serve more time than necessary due to an error in the calculation of his sentence. As relief, the plaintiff seeks $1,000 a day for every day he has been held beyond his proper release date, up to $100,000, and an injunction which grants the Bureau of Prisons ("BOP") the power to correct his sentence.

Simultaneous to the filing of the complaint, the plaintiff filed a Motion to Consolidate. In this motion, the plaintiff requests that the Court consolidate this case with civil action 3:07cv137, in which the plaintiff challenges the execution of his sentence pursuant to a writ of habeas corpus under 28 U.S.C. § 2241.

On January 2, 2008, the plaintiff was granted permission to proceed as a pauper and was directed to pay an initial partial filing fee. The plaintiff paid his initial partial fee on January 14,

2008. Consequently, the undersigned conducted a preliminary review of the complaint on January 23, 2008. Pursuant to that review, the undersigned determined that summary dismissal was not appropriate at that time, and the defendants were therefore directed to file an answer to the complaint.

After service of process by the United States Marshal Service, the defendants filed a motion to dismiss. Shortly thereafter, the Court issued a Roseboro Notice advising the *pro se* plaintiff of his right to file a response. The plaintiff has not filed a reply. Accordingly, this case is before the undersigned for a Report and Recommendation on the plaintiff's motion to consolidate and the defendants' motion to dismiss.

## II.  Standard of Review

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## III.  Analysis

### A.  Motion to Dismiss

In their motion to dismiss, the defendants assert that the plaintiff's claim is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), because any challenge to the calculation of his sentence would necessarily imply the invalidity of the manner in

2

which such sentence has been calculated, and to date, the plaintiff has not successfully challenged the manner in which his sentence has been calculated.

In Heck v. Humphrey, the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Since the date of that decision, the Heck holding has been applied to a variety of other constitutional challenges which relate to the fact or duration of confinement. For instance, in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584 (1997), the Supreme Court applied the principles in Heck to a challenge to the constitutionality of a prison disciplinary proceeding that resulted in a loss of good time credit. Additionally, in Brown v. Sanders, 1997 WL 103721 (4th Cir. 1997), the Fourth Circuit Court of Appeals, applying Heck, found that a plaintiff could not recover damages for a challenge to a parole decision that had not been previously invalidated. Pertinent to this case, several courts have also applied the holding in Heck to a prisoner's challenge to the calculation of his sentence. See Neff v. MCI-H, 2004 WL 1205693 (4th Cir. June 2, 2004) (upholding Heck dismissal of claim that DOC miscalculated the prisoner's release date); Caesar v. BOP, 2008 WL 219614 (D.D.C. Jan. 28, 2008) (Bivens claim for monetary damages based on miscalculated release date is barred if cannot show sentence calculation previously found to be invalid); Clemente v.

Allen, 120 F.3d 703 (7th Cir. 1997) (Bivens action challenging calculation of sentence is barred by Heck where plaintiff has failed to show that sentence calculation has been declared invalid).

Here, the plaintiff filed a § 2241 petition in this court challenging the validity of his sentence calculation. See Bethea v. Francis, 3:07cv137 (N.D.W.Va. 2007). However, that case was dismissed as moot on May 6, 2008, upon the plaintiff's release from prison. Therefore, his sentence calculation has never been invalidated, and the plaintiff is barred by Heck from seeking damages under Bivens for the alleged miscalculation of his sentence. Accordingly, the defendants' motion should be granted and the complaint dismissed.

**B. Motion to Consolidate**

Because the plaintiff's § 2241 petition has been dismissed, and this case is without merit, there is no reason to consolidate the cases. Accordingly, the motion to consolidate should be dismissed.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends the following:

1. The plaintiff's Motion to Consolidate (dckt. 2) be **DENIED**.

2. The Defendants' Motion to Dismiss (dckt. 24) be **GRANTED** and the plaintiff's complaint be **DENIED** and **DISMISSED without prejudice**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will

result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: June 20, 2008.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE